JANE M. JONES v. ISAIAH BRINKLEY.

(Decided March 8, 1898).

*Appeal—Defective Findings—New Trial.*

Where matters intended to be presented on an appeal do not sufficiently appear from the record so as to enable this Court to give a satisfactory opinion thereon, a new trial will be ordered.

CIVIL ACTION to recover damages for an alleged trespass on land tried before *Bryan, J.,* and a jury at Spring Term, 1897, of GATES Superior Court. There was a verdict for the defendant and from a judgment thereon the plaintiff appealed.

*Mr. L. L. Smith,* for plaintiff (appellant).
*Mr. E. F. Aydlett,* for defendant.

FAIRCLOTH, C. J.: We have carefully examined the record in this case, but we are unable to give a satis-

factory opinion on the questions which the parties probably intended. We shall have to direct a new trial for a better presentation of the matter. We refrain from considering the several matters referred to in the record, except in one particular, lest we might prejudice the rights of the parties on the next trial.

The complaint alleges that the plaintiff is the owner of a certain tract of land in Gates County, and that the defendant has committed a trespass thereon. The description is very general, "containing 227 acres more or less." The answer denies that allegation. The first issue is as follows:

1. "Is the plaintiff the owner and in possession of the land *described* in the complaint?" The jury answer "Yes, one half of 66 acres."

2. "Did the defendant trespass upon said land *as alleged*?" Ans. No."

We find a plat in the case, showing two grants under which the plaintiff and defendant claim, and these seem to overlap each other. In the complaint no mention of 66 acres is made, nor is any mention of 66 acres made in the evidence, nor in the charge of the Court, nor in the case settled for this Court. Within the boundaries of each grant, the words "66 acres" are written, and no indication of the locality of the said 66 acres, nor any description thereof. In this condition of the case, we can only give a new trial. *Allen* v. *Sallinger*, 105 N. C., 333.

New trial.